**EMONS INDUSTRIES, INC., Plaintiff,**

v.

**LIBERTY MUTUAL FIRE INSURANCE COMPANY and Reserve Insurance Company, Defendants.**

**No. 75 Civ. 3227 (KTD).**

United States District Court, S.D. New York.

June 1, 1984.

Slade & Pellman, New York City, for plaintiff; John F. Triggs, Anthony P. Coles, New York City, of counsel.

Dinsmore & Shohl, Cincinnati, Ohio, for defendant, Liberty Mutual Fire Insurance Company; Gerald V. Weigle, Jane M. Lerner, Cincinnati, Ohio, of counsel.

Olwine, Connelly, Chase, O'Donnell & Weyher, New York City, for defendant, Liberty Mutual Fire Insurance Company; Michael E. Twomey, New York City, Chris-

topher C. Mansfield, Boston, Mass., of counsel.

Kornstein, Meister & Veisz, New York City, for defendant, Reserve Insurance Company.

## MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, District Judge:

Emons Industries, Inc. ("Emons") moves to amend its complaint against Liberty Mutual Fire Insurance Company ("Liberty Mutual") pursuant to Fed.R.Civ.P. 15, (i) to "revise its claim for compensatory damages to include recent settlements paid, and (ii) [to] allege a claim for punitive damages." Plaintiff's Notice of Motion. For the following reasons, plaintiff's motion is granted in part and denied in part. Familiarity with my prior opinions in *Emons Industries, Inc. v. Liberty Mutual Fire Insurance Co.,* is assumed. *See* 481 F.Supp. 1022 (S.D.N.Y.1979) (summary judgment against defendant Reserve Insurance Company on the issue of the extent of its duty to defend); 545 F.Supp. 185 (S.D.N.Y.1982) (denial of defendants' summary judgment motions, including on issue of Liberty Mutual's pre-1964 indemnity liability); 567 F.Supp. 335 (S.D.N.Y.1983) (denial of plaintiff's summary judgment motion on the issue of defendant's liability).

■ With respect to the first part of plaintiff's request, there is no opposition. Furthermore, as I stated at 481 F.Supp. at 1025: "[i]t is evident that these actions which plaintiff seeks to include herein involve [diethylstibestrol ("DES")] cases in which it has been named as a defendant and in which it argues that Liberty and/or Reserve owe it a [duty to defend] and indemnification should liability be found." Therefore, inasmuch as plaintiff's motion seeks to supplement its complaint to include recent settlements, it is granted.

I have much more difficulty with plaintiff's attempt to amend its complaint to assert a claim for punitive damages. The crux of the dispute between the parties in this case involves the extent to which Liberty Mutual insured Emons for DES claims, a substance manufactured and sold by Emons. Liberty Mutual asserts that it only covered Emons for those injuries to third parties that manifested themselves during the coverage period 1945 to 1970. Plaintiff, on the other hand, asserts that defendant is liable for all claims arising from people's ingestion or exposure to DES from 1945 to 1970, whenever it thereafter manifests itself. Thus, the dispute is whether manifestation or exposure is the correct measure of coverage. In seeking to assert a claim for punitive damages, Emons alleges that Liberty Mutual's adoption of the manifestation interpretation of its insurance coverage was purely a legal response adopted in the face of its knowledge that the contract was meant to be interpreted under the exposure theory.[1]

■ Much of the parties' discussion on this motion to dismiss is superfluous. Both parties argue the factual merits of plaintiff's punitive damage claim; this cannot be resolved on a motion to dismiss. *See Cooper v. Pate,* 378 U.S. 546, 546, 84 S.Ct. 1733, 1734, 12 L.Ed.2d 1030 (1967) (per curiam). Furthermore, it is beyond peradventure that punitive damages may be assessed against an insurance company in certain situations. *See, e.g., Gordon v. Nationwide Mutual Insurance Co.,* 30 N.Y.2d 427, 431, 285 N.E.2d 849, 852, 334 N.Y.S.2d 601, 603–04 (1972), *cert. denied,* 410 U.S. 931, 93 S.Ct. 1374, 35 L.Ed.2d 593 (1973). Nevertheless, plaintiff's motion to amend on this ground must be denied.

■ Rule 15(a) provides that leave to file an amended complaint "shall be freely given when justice so requires." Federal courts generally grant leave to file freely

---

**1.** Emons initially argued that Liberty Mutual's denial of coverage for pre-1964 cases and its motion for partial summary judgment in 1979 on that issue constituted bad faith because Liberty Mutual had internally admitted that it covered Emons before 1964. Liberty Mutual's mo-

tion for summary judgment in 1979, however, as amended admitted coverage and stated that an issue of fact remained unresolved concerning its policy limits before 1964. Sensibly, Emons does not press this issue.

in the absence of bad faith, undue delay, or prejudice to the opposing party. *See Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). The instant case provides the rare circumstance of a movant exercising undue delay in seeking a proposed amendment. This action was commenced over nine years ago in 1975. Plaintiff asserts that it only recently obtained through discovery documentation of defendant's wrongful denial of coverage. Some if not many of the documents relied upon by plaintiff, however, were turned over to Emons apparently as early as 1981. Moreover, it is not necessary to have complete or conclusive documentation of a party's bad faith before punitive damages may be asserted in a complaint. Emons certainly could have made the same legal argument it now makes in support of punitive damages, several years ago. Emons and Liberty Mutual's dispute as to the extent of coverage has been manifest since the outset of this litigation. Bad faith or assertions of morally culpable conduct if meritorious also could have and should have been made then.

Accordingly, plaintiff's motion to amend its complaint to revise its claim for compensatory damages to include recent settlements paid is granted. However, that part of plaintiff's motion to amend its complaint to assert punitive damages against defendant Liberty Mutual is denied. The parties are directed to submit a joint pretrial order by June 28, 1984.

SO ORDERED.